1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

LOWELL ANDERSON,

             Plaintiff,

      v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

             Defendant.

Case No. 16-cv-03328-BLF

**ORDER GRANTING DEFENDANT EXPERIAN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

[RE: ECF 63]

Plaintiff Lowell Anderson sues Defendants Experian Information Solutions, Inc. and Synchrony Bank for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a). Experian moves to dismiss Plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For reasons discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

## I.    BACKGROUND[1]

Plaintiff filed for Chapter 13 bankruptcy protection on January 4, 2012, and his plan was confirmed on June 11, 2012. FAC ¶¶ 87, 91, ECF 51. On October 14, 2015, Plaintiff "ordered a three bureau report from Experian, Inc. to ensure proper reporting by his creditors." *Id.* ¶ 92. He alleges that this report ("October 2015 Credit Report") included twenty-four different tradelines containing inaccurate, misleading, or incomplete information. *Id.* ¶ 95. Plaintiff neither attaches a copy of the October 2015 Credit Report nor provides specifics regarding the alleged inaccuracies contained therein. *Id.* He asserts only that "multiple trade lines continued to report Plaintiff

---

[1] Plaintiff's factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

delinquent on payments, past due balances, inaccurate balances, in collections, and some accounts even failed to register that Plaintiff was making payments on the account through his Chapter 13 plan." *Id.*

Plaintiff disputed the inaccurate tradelines via certified mail sent to three different credit reporting agencies ("CRAs"), Experian, Equifax, Inc., and TransUnion, LLC on February 8, 2016. FAC ¶ 96.  Each CRA received Plaintiff's dispute letter and in turn notified the entities that had furnished the disputed information ("furnishers") by means of automated credit dispute verifications ("ACDVs").  *Id.* ¶ 99.

Plaintiff ordered a second three bureau report from Experian on April 21, 2016  ("April 2016 Credit Report").  FAC ¶ 100.  Plaintiff alleges that "many of the inaccuracies had not been updated."  *Id.* ¶ 101.  Plaintiff also alleges that Synchrony "was properly listed and noticed of Plaintiff's Chapter 13 filing."  *Id.* ¶ 103.  "Despite being properly noticed Defendant Synchrony bank [sic] continued to report a balance owed of $2,951 and a past due balance of $2,951."  *Id.* ¶ 104.  Plaintiff asserts that Synchrony's reporting was improper because Synchrony sold or assigned Plaintiff's account to another entity, Asset Acceptance, shortly after Plaintiff filed for bankruptcy.  *Id.* ¶ 105.  Plaintiff also alleges that as of September 8, 2016 – a date several months *after* he ordered the April 2016 Credit Report – the Chapter 13 Trustee had paid off all but $612.92 of the Synchrony claim.  *Id.* ¶ 107.

Plaintiff filed this action on June 15, 2016, asserting violations of the FCRA and CCRAA against numerous CRAs and furnishers.  *See* Compl., ECF 1.  On September 8, 2016, Plaintiff amended as of right, dropping all defendants except Experian and Synchrony.  Experian now moves to dismiss the FAC.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the

United States District Court
Northern District of California

United States District Court
Northern District of California

1   plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

2   Court need not "accept as true allegations that contradict matters properly subject to judicial

3   notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

4   unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

5   (internal quotation marks and citations omitted).  While a complaint need not contain detailed

6   factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

7   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

8   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

9   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

10  ### III.   DISCUSSION

11          The FAC contains two claims, one for violation of the FCRA (Claim 1) and the other for

12  violation of the CCRAA (Claim 2).  Although the label of the CCRAA claim indicates that it is

13  asserted against "Defendants," it is clear from the body of the FAC that the CCRAA claim is

14  asserted only against Synchrony and not against Experian.  FAC ¶¶ 130-139.  Accordingly, this

15  order addresses only the FCRA claim.

16          Plaintiff's FCRA claim against Experian is subheaded "Failure to Reinvestigate Disputed

17  Information."  FAC ll. 2-3, ECF 51.  Plaintiff alleges that after he "disputed the accounts

18  mentioned above" – which the Court takes to mean the twenty-four tradelines in the October 2015

19  Credit Report referenced earlier in the FAC – Experian was required to conduct a reasonable

20  investigation and to delete any information that was not accurate.  FAC ¶ 124.  Plaintiff claims

21  that "Defendants were required to send all relevant information via an ACDV to the furnishers

22  which they did not do."  *Id.* ¶ 125.  Plaintiff alleges generally that Experian "failed to conduct a

23  reasonable investigation and failed to correct the misleading and or inaccurate statements."  *Id.*

24  The only support offered for that allegation is that "any basic investigation would have uncovered

25  that certain DFs [data furnishers] were not following credit reporting industry standards."  *Id.* 129.

26          Experian moves to dismiss the FCRA claim on four grounds.  First, Experian points out

27  that Plaintiff's FCRA claim against it is asserted under 15 U.S.C. § 1681s-2(b), which is

28  applicable to furnishers, and not under 15 U.S.C. § 1681i, which is applicable to CRAs such as

United States District Court
Northern District of California

Experian.  Second, Experian asserts that Plaintiff has not alleged facts showing that Experian's credit reporting was inaccurate.  Third, Experian argues that Plaintiff has not alleged facts showing an entitlement to damages under the FCRA.  And fourth, Experian asserts that Plaintiff has not alleged any facts showing that Experian's response to his dispute letter was improper.

### A.    Code Sections Applicable to CRAs

Experian first argues that Plaintiff has sued it under the wrong provision of the FCRA.  "Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  To that end, the FCRA imposes specific obligations on CRAs, furnishers, and other categories of persons not at issue here.  *See generally* 15 U.S.C. § 1681 *et seq.*  Many of the obligations of CRAs are described in 15 U.S.C. § 1681i.  That section provides that if a consumer disputes "the completeness or accuracy of any item of information," the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item." 15 U.S.C. § 1681i(a)(1).  In addition, the CRA must provide notification of the dispute to the furnisher of the information.  15 U.S.C. § 1681i(a)(2).  Such notification by the CRA triggers the furnisher's obligation to conduct its own investigation.  15 U.S.C. § 1681s-2(b).  The FCRA expressly creates a private right of action for willful or negligent noncompliance with these requirements.  15 U.S.C. § 1681n & o.

Experian correctly points out that Plaintiff's FCRA claim is asserted only under § 1681s-2(b), applicable to furnishers, and not under § 1681i, applicable to CRAs.  Plaintiff acknowledges in his opposition that the FAC does not reference § 1681i and he requests leave to amend to allege the correct code section with respect to Experian.  Pl.'s Opp. at 5, ECF 72.  The FAC therefore is subject to dismissal with leave to amend on this ground.

### B.    Inaccuracy

Experian argues that even if Plaintiff had alleged his FCRA claim under § 1681i, the claim would fail because Plaintiff has not alleged facts showing that Experian's credit reporting was inaccurate.  The Ninth Circuit has observed that "[a]lthough the FCRA's reinvestigation provision,

4

United States District Court
Northern District of California

1    15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state

2    a claim, many courts, including our own, have imposed such a requirement." *Carvalho v. Equifax*

3    *Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).[2]  "Thus, even if a . . . CRA fails to conduct a

4    reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff

5    cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's claims fail

6    as a matter of law." *Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 WL

7    264401, at *3 (N.D. Cal. Jan. 20, 2017) (internal quotation marks and citation omitted).

8           In *Carvalho*, the Ninth Circuit noted that it previously had "explained that an item on a

9    credit report can be 'incomplete or inaccurate' within the meaning of the FCRA's furnisher

10   investigation provision, 15 U.S.C. § 1681s-2(b)(1)(D), 'because it is patently incorrect, or because

11   it is misleading in such a way and to such an extent that it can be expected to adversely affect

12   credit decisions.'" *Carvalho*, 629 F.3d at 890 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584

13   F.3d 1147, 1163 (2009)).  The Ninth Circuit went on to affirm "'the maxim of statutory

14   construction that similar terms appearing in different sections of a statute should receive the same

15   interpretation,'" *id.* (quoting *United States v. Nordbrock*, 38 F.3d 440, 444 (9th Cir. 1994)), and to

16   cite with approval a First Circuit case, *Chiang*, which the Ninth Circuit summarized as "deeming

17   the term 'inaccurate' in section 1681i(a) to be 'essentially the same' as the term 'incomplete or

18   inaccurate' in section 1681s-2(b)," *id.* (citing *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37

19   (1st Cir. 2010)).  Relying on *Carvalho*, district courts have "applied this 'patently incorrect or

20   materially misleading' standard to claims arising under various provisions of the FCRA that

21   involve the accuracy of information." *Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-

22   TEH, 2014 WL 3381578, at *3 (N.D. Cal. July 10, 2014).  In particular, courts in this district have

23   applied the "patently incorrect or materially misleading" standard to the inaccuracy requirement

24

25   _____

26   [2] *Carvalho* involved claims asserted under the CCRAA, not the FCRA.  *See Carvalho*, 629 F.3d at
     881.  However, in discussing the scope of the CCRAA, the Ninth Circuit drew heavily on cases
     construing the FCRA, *see id.* at 889-91, and numerous courts have relied on *Carvalho*'s
27   explication of FCRA requirements when addressing FCRA claims, *see, e.g., Artus v. Experian*
     *Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *3 (N.D. Cal. Jan. 24, 2017);
     *Jaras v. Experian Info. Sols., Inc.*, No. 16-CV-03336-LHK, 2016 WL 7337540, at *4 (N.D. Cal.
28   Dec. 19, 2016).

United States District Court
Northern District of California

1   under § 1681i.  *See, e.g., Banneck v. HSBC Bank USA, N.A.*, No. 15-cv-02250-HSG, 2016 WL

2   3383960, at *6 (N.D. Cal. June 20, 2016); *Prianto*, 2014 WL 3381578, at *3.

3          Plaintiff argues that he has alleged inaccuracies in his credit reports under the above

4   standards.  The Court disagrees based upon the following pleading deficiencies.

### 1.      Allegations Regarding "Three Bureau Reports"

6          Perhaps the most obvious deficiency in Plaintiff's allegations against Experian is his

7   failure to allege that the claimed inaccuracies in two different "three bureau report[s]" were

8   reported by *Experian* rather than one of the other CRAs.  FAC ¶¶ 92-95, 100-01.  In order to make

9   out an FCRA claim against Experian, Plaintiff must allege with specificity that Experian reported

10  one or more items of information that were patently incorrect or materially misleading.  Other

11  courts in this district have dismissed FCRA claims based upon alleged inaccuracies in three

12  bureau reports where no specificity is provided as to which CRA reported the inaccuracies in

13  question.  *See, e.g., Doster*, 2017 WL 264401, at *6 ("Plaintiff's FAC makes only general and

14  unspecified allegations that her credit report, which was a three-bureau credit report, contained

15  inaccuracies and that the CRAs reported misleading and inaccurate information, but the FAC does

16  not allege any conduct that is specific to Experian.").  Accordingly, the FAC is subject to

17  dismissal on this ground.

### 2.      Reporting After Confirmation of Chapter 13 Plan

19         Next, the Court takes up Plaintiff's allegations that after his Chapter 13 plan was

20  confirmed, he ordered the October 2015 Credit Report and discovered that "multiple trade lines

21  continued to report Plaintiff delinquent on payments, past due balances, inaccurate balances, in

22  collections, and some accounts even failed to register that Plaintiff was making payments on the

23  account through his Chapter 13 plan."  FAC ¶¶ 92-95, ECF 51.  These allegations neither identify

24  Experian as the reporting entity nor identify any particular delinquency, past due balance, or other

25  tradeline in the October 2015 Credit Report that was inaccurate.

26         Plaintiff argues that the requisite specificity is provided in his allegations regarding the

27  April 2016 Credit Report.  Deficiencies in the allegations regarding the contents of the October

28  2015 Credit Report – the report that Experian allegedly failed to reinvestigate upon receipt of

United States District Court
Northern District of California

1    Plaintiff's dispute letter – cannot be cured by allegations regarding the later April 2016 Credit

2    Report.  Moreover, the allegations to which Plaintiff refers do not establish inaccuracy even as to

3    the April 2016 Credit Report.  For example, Plaintiff claims that the balances reported by

4    Synchrony did not reflect payments made by the Trustee through September 2016.  *See id.* ¶ 107.

5    Payments by the Trustee in September 2016 could not have been reflected on the April 2016

6    Credit Report obtained several months earlier.  In addition, Plaintiff does not allege that the

7    Synchrony balances were reported by Experian.  Accordingly, the allegations of the FAC are

8    insufficient to make out a claim of inaccurate reporting *by Experian*.

9        More fundamentally, to the extent that Plaintiff claims that it was inaccurate for Experian

10   to report delinquencies or past due balances after plan confirmation, that theory of liability has

11   been rejected by courts in this district and other districts within the Ninth Circuit.  *See, e.g., Artus*

12   *v. Experian Info. Sols., Inc.*, No. 5:16-CV-03322-EJD, 2017 WL 346022, at *5 (N.D. Cal. Jan. 24,

13   2017) (collecting cases); *Doster*, 2017 WL 264401, at *6 ("[A]s a matter of law it is not

14   misleading or inaccurate to report a delinquent debt during the pendency of a bankruptcy.");

15   *Polvorosa v. Allied Collection Serv., Inc.*, No. Case No. 2:16–CV–1508 JCM (CWH), 2017 WL

16   29331, at *3 (D. Nev. Jan. 3, 2017) ("[R]eporting delinquencies during the pendency of a

17   bankruptcy or during a bankruptcy's automatic stay is not itself a violation of the FCRA.").

18       Plaintiff argues that these decisions are based upon a misunderstanding of bankruptcy law

19   because they fail to recognize that a bankruptcy court's order confirming a Chapter 13 plan

20   constitutes a binding final judgment regarding the rights and obligations of the debtor and his or

21   her creditors.  According to Plaintiff, because a confirmed plan modifies the original debts, any

22   post-confirmation reporting of pre-confirmation delinquencies or balances is inaccurate.

23       It is true that "[t]he provisions of a confirmed plan bind the debtor and each creditor."  11

24   U.S.C. § 1327(a).  Thus a creditor seeking payment on a debt is entitled only to those payments

25   provided for under the plan, and "any issue decided under a plan is entitled to *res judicata* effect."

26   *In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015).  However, the Court declines to make the

27   logical leap urged by Plaintiff that these authorities, governing the relationships between parties to

28   a bankruptcy action, make it a violation of the FCRA to report a historically accurate pre-

7

United States District Court
Northern District of California

1    confirmation debt or delinquency.  Regardless of how the rights and obligations of the parties to a

2    bankruptcy are modified by a Chapter 13 plan, the original debt did exist prior to confirmation and

3    Plaintiff has cited no authority suggesting that bankruptcy proceedings "erase" that historical fact

4    for purposes of the FCRA.  Moreover, with respect to the many debtors who fail to make all

5    required plan payments, the original debt terms ultimately are reinstated.  *See Blendheim*, 803 F.3d

6    at 487.  Indeed, historically accurate debts may be reported even after discharge, so long as the

7    credit report indicates that the debts were discharged in bankruptcy.  *See Mortimer v. Bank of Am.,*

8    *N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, *9-11 (N.D. Cal. Apr. 10, 2013) (furnisher's

9    reporting that the debt had been delinquent during the pendency of the bankruptcy was historically

10    accurate and thus not actionable under the FCRA where report also indicated that the debt had

11    been discharged in bankruptcy).

12         Plaintiff's counsel argued at the hearing that allowing reporting of pre-confirmation

13    delinquencies or balances after a Chapter 13 plan has been confirmed will deprive debtors of

14    significant benefits that they expect to obtain through Chapter 13 bankruptcy.  That issue is one

15    for Congress to resolve, not this Court.  The Court's task in evaluating Plaintiff's FAC is to

16    determine whether the facts alleged therein make out a plausible claim that Defendants' credit

17    reporting was inaccurate.  The Court simply is not persuaded that the reporting of a delinquency or

18    past due balance after plan confirmation is per se inaccurate under the FCRA.

19         However, there appears to be an open question whether such reporting could satisfy the

20    inaccuracy requirement if unaccompanied by any indication that the consumer is in bankruptcy.

21    *See Devincenzi v. Experian Info. Sols., Inc.*, No. 16-CV-04628-LHK, 2017 WL 86131, at *7 (N.D.

22    Cal. Jan. 10, 2017) (declining to decide whether allegations that the "credit report contained no

23    indication at all that the debts were the subject of a pending bankruptcy . . . would be sufficient to

24    state a claim" but granting plaintiff leave to attempt to assert FCRA claim based on that theory).  It

25    is this Court's view that it may well be possible for a plaintiff to allege facts showing that the

26    reporting of a pre-confirmation delinquency is materially misleading absent any reference to a

27    pending Chapter 13 bankruptcy, at least where a confirmed plan governs the timing and amounts

28    of post-confirmation payments on the debt.  Plaintiff, however, has not alleged whether or not the

reports in question contained information regarding his bankruptcy.

### 3.    Metro 2 Format

In addition to his theory of FCRA liability based on the effect of plan confirmation, Plaintiff asserts a related theory based on industry standards regarding credit reporting.  He devotes 45 of the FAC's 139 paragraphs to a tutorial on industry standards and in particular the "Metro 2 format" adopted by the Consumer Data Industry Association ("CDIA").  *See* FAC ¶¶ 36-80.  According to Plaintiff, "Metro 2 provides instruction on what updates must be made when a bankruptcy is filed," and deviation from the Metro 2 format is inaccurate or misleading.  *See* Pl.'s Opp. at 3, ECF 72.  The Ninth Circuit has not spoken on the effect of the Metro 2 format, if any, on the obligations of CRAs and furnishers under the FCRA.  However, district courts within the Ninth Circuit overwhelmingly have held that a violation of industry standards is insufficient, without more, to state a claim for violation of the FCRA.  *See, e.g., Doster*, 2017 WL 264401, at *5 (collecting cases); *Mestayer v. Experian Info. Sols., Inc.*, No. 15-CV-03645-EMC, 2016 WL 7188015, at *3 (N.D. Cal. Dec. 12, 2016).

The out-of-district cases cited by Plaintiff do not persuade this Court to take a contrary view.  In *Dreher v. Experian Info. Sols., Inc.*, No. 3:11-CV-00624-JAG, 2013 WL 2389878, at *7 (E.D. Va. May 30, 2013), the district court held that industry standards could be considered at the summary judgment stage as part of the totality of evidence regarding the reasonableness of Experian's failure to identify the main source of disputed information.  That ruling does not advance Plaintiff's argument that deviation from Metro 2 constitutes a per se inaccuracy under the FCRA.  In *Nissou-Rabban v. Capital One Bank (USA), N.A.*, No. 15CV1675 JLS (DHB), 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016), the district court held that the plaintiff had alleged a claim under the FCRA where she alleged that Metro 2 was Synchrony's chosen method of reporting and that Synchrony's deviation from Metro 2 might be misleading to such an extent as to affect credit decisions.  Courts in this district have found such allegations to be insufficient.  *See, e.g., Mestayer*, 2016 WL 7188015, at *3 (credit report that deviated from Metro 2 was not misleading where report disclosed bankruptcy); *see also Doster*, 2017 WL 264401, at *5 (collecting cases).  This Court finds the latter decisions to be better reasoned and therefore

9

1    concludes that allegations that a credit report deviated from the Metro 2 format is insufficient,

2    without more, to state a claim under the FCRA.

3          The Court does not mean to suggest that Metro 2 is wholly irrelevant to the evaluation of a

4    claim asserted under the FCRA.  It may be that allegations of deviations from the Metro 2 format

5    could bolster other allegations of inaccuracy or be relevant to allegations of negligence on the part

6    of the reporting entity.  However, Plaintiff's reliance on Metro 2 as an independent source of

7    liability under the FCRA is unavailing.

8          **C.      Damages**

9          In addition to arguing that Plaintiff has failed to allege facts sufficient to show actual

10   inaccuracy in reporting, Experian asserts that Plaintiff has failed to allege facts sufficient to entitle

11   him to recovery of damages.  The FCRA creates a private right of action for willful or negligent

12   noncompliance with § 1681i.  *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n & o).  If a

13   failure to comply with § 1681i is willful, the plaintiff may recover either actual damages or

14   statutory damages between $100 and $1000, as well as any appropriate punitive damages.  15

15   U.S.C. § 1681n(a).  If a failure to comply with § 1681i is negligent, the plaintiff is limited to

16   recovery of "any actual damages sustained by the consumer as a result of the failure."  15 U.S.C. §

17   1681o(a)(1).  Experian contends that Plaintiff has not alleged facts showing entitlement to

18   recovery under either theory.

19               **1.      Willfulness**

20         A defendant acts "willfully" for purposes of the FCRA if the defendant knowingly or

21   recklessly disregards its statutory duties.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58

22   (2007).  "[A] company subject to FCRA does not act in reckless disregard of it unless the action is

23   not only a violation under a reasonable reading of the statute's terms, but shows that the company

24   ran a risk of violating the law substantially greater than the risk associated with a reading that was

25   merely careless."  *Id.* at 69.  Thus a plaintiff seeking to recover damages under a willfulness theory

26   "must allege, at a minimum, that the defendant's reading of the FCRA is 'objectively

27   unreasonable.'"  *Kirchner v. Shred-it USA Inc.*, No. 2:14-1437 WBS, 2014 WL 6685210, at *1

28   (E.D. Cal. Nov. 25, 2014) (quoting *Safeco*, 551 U.S. at 69).

United States District Court
Northern District of California

10

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As discussed above, Plaintiff has not alleged that Experian's reporting contained an actual inaccuracy.  Even if had he done so, he has not alleged any facts showing that such inaccuracy was the result of Experian's knowing or reckless disregard of its statutory duties.  Plaintiff does not argue to the contrary in opposing Experian's motion – his argument regarding damages is limited to an assertion that he suffered actual damages.

## 2.   Negligence

In order to recover under a negligence theory, Plaintiff must plead and prove actual damages resulting from Experian's violation of the FCRA.  15 U.S.C. § 1681o(a)(1).  Plaintiff's FCRA claim against Experian is based on his allegations that after Plaintiff disputed information in the October 2015 Credit Report, Experian failed to reinvestigate.  *See* FAC ¶¶ 123-129.  However, he does not allege facts showing that he suffered any damages flowing from that failure.  *See id.*  In opposition to Experian's motion, Plaintiff argues that "Plaintiff has paid Plaintiff's counsel several thousand dollars to reorganize and repair his credit under Chapter 13"; "Plaintiff has also incurred substantial attorney's fees in attempting to correct the inaccuracies on his credit report"; and "Plaintiff can not [sic] and continues to be unable to apply for credit because his score remains extremely low."  Pl.'s Opp. at 11, ECF 72.  The Court questions whether these allegations are sufficient to plead damages recoverable under the FCRA.  However, the Court need not resolve that question, as Plaintiff has not included any of these allegations in his FCRA claim against Experian.

Accordingly, the FAC is subject to dismissal on the ground that Plaintiff has failed to allege facts showing an entitlement to damages.

## D.   Lack of Factual Allegations re Experian's Response to Dispute Letter

Experian's final argument is that Plaintiff has not provided any factual basis for his allegation that Experian's response to his dispute letter was inadequate.  The Court agrees.

Plaintiff alleges that after he disputed the October 2015 Credit Report, Experian was required to conduct a reasonable investigation and to delete any information that was not accurate.  FAC ¶ 124.  Plaintiff then claims that "Defendants were required to send all relevant information via an ACDV to the furnishers which they did not do."  *Id.* ¶ 125.  When a consumer disputes

11

United States District Court
Northern District of California

1   information on a credit report, the CRA must provide notification of the dispute to the furnisher of

2   the information.  15 U.S.C. § 1681i(a)(2).  Thus an allegation that Plaintiff disputed a particular

3   account reported in the October 2015 Credit Report, and that Experian failed to notify the

4   furnisher of the disputed information, would state a claim under the FCRA, assuming that all other

5   pleading requirements regarding inaccuracy and damages were satisfied.  However, as discussed

6   above, Plaintiff's allegations regarding the asserted inaccuracies in the October 2015 Credit

7   Report do not identify any particular account or item of information.  Allegations that Experian

8   failed to notify the unidentified furnishers of unidentified information regarding unidentified

9   accounts are insufficient to make out a plausible claim that Experian violated its obligations under

10  the FCRA.  Moreover, elsewhere in the FAC Plaintiff alleges that "each CRA received Plaintiff's

11  dispute letter and in response sent Plaintiff's dispute to each DF via an ACDV."  *Id.* ¶ 99.  Based

12  on that allegation, it would appear that Experian *did* satisfy its notification obligations under the

13  FCRA.

14      Plaintiff's conclusory allegations that "Experian failed to conduct a reasonable

15  investigation," FAC ¶ 129, likewise are inadequate to state a claim under the FCRA.  *See*

16  *O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal.

17  May 29, 2014) (No FCRA claim stated where plaintiff "fails to offer any factual allegations

18  supporting his contention that Defendant's investigation of his disputed account was

19  unreasonable").

20      **E.      Leave to Amend**

21      In deciding whether to grant Plaintiff leave to amend his pleading, the Court must consider

22  the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed

23  at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir.

24  2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman*

25  factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure

26  deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of

27  amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the

28  opposing party that carries the greatest weight."  *Id.*  However a strong showing with respect to

1   one of the other factors may warrant denial of leave to amend.  *Id.*

2          The first factor (undue delay), second factor (bad faith), and fourth factor (undue

3   prejudice) do not weigh against granting leave to amend at this time, although the Court may well

4   have a different view in the event that Plaintiff's counsel fails to address the deficiencies

5   addressed herein and persists in submitting pleadings consisting primarily of copy-and-paste

6   boilerplate allegations.  The third factor (failure to cure deficiencies) weighs slightly against

7   granting leave to amend, as Plaintiff previously amended his pleading.  However, the present order

8   represents the first detailed guidance that Plaintiff has received from the Court.  Finally, with

9   respect to the fifth factor (futility of amendment), the Court has grave reservations whether

10  Plaintiff will be able to state a viable FCRA claim against Experian.  However, because it is not

11  clear that Plaintiff cannot do so, the Court will grant him leave to amend.

12         If Plaintiff chooses to amend his FCRA claim against Experian, he shall allege with

13  specificity what reporting is attributable to Experian and shall either attach a copy of each report

14  or allege the offending tradelines verbatim.  Failure to do so will be deemed an admission that

15  Plaintiff is incapable of pleading specific facts giving rise to liability under the FCRA.

16  **IV.   ORDER**

17         (1)    Experian's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND;

18         (2)    Any amended pleading shall be filed on or before March 29, 2017; and

19         (3)    Leave to amend is limited to the FCRA claim discussed in this order; Plaintiff

20                may not add new claims or parties without express leave of the Court.

22  Dated:  March 8, 2017

23                                                    _____
                                                      BETH LABSON FREEMAN
24                                                    United States District Judge

United States District Court
Northern District of California

13